UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; MOTOROLA TRADEMARK HOLDINGS, LLC, a Delaware limited liability company; and MOTOROLA SOLUTIONS, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> LETOVA LLC, a New York limited liability company d/b/a "Adas Distributers" Selling Account; GAMZI DIGITAL LLC, a New York limited liability company; ISRAEL SPORN, an individual; and DOES 1-10, <br><br> Defendants. | No. <br><br> **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |

## I.    INTRODUCTION

1.    This case involves Defendants' unlawful scheme to falsely claim ownership of the MOTOROLA SOLUTIONS trademark and to sell counterfeit Motorola-branded two-way radios and related products through the Amazon.com store (the "Amazon Store") and Defendants' website. Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (collectively, "Amazon"), Motorola Trademark Holdings, LLC ("Motorola Trademark Holdings"), and Motorola Solutions, Inc. ("Motorola Solutions," together with Motorola Trademark Holdings, "Motorola") jointly

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 1

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

bring this lawsuit to permanently prevent and enjoin Defendants from causing future harm to Amazon's and Motorola's customers, reputations, and intellectual property ("IP"), and to hold Defendants accountable for their illegal actions.

2.      Amazon.com Services LLC owns and operates the Amazon Store, and Amazon's affiliates own and operate equivalent counterpart international stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. Amazon has invested billions of dollars and employed thousands of people—including machine learning scientists, software developers, and expert investigators—who are dedicated to protecting customers, brands, selling partners, and Amazon's stores from counterfeits, fraud, and other forms of abuses.

3.      Motorola has been building its radios and its reputation for nearly a century, and continues to do so to this day. Since its founding in 1928 in Chicago, Motorola has developed and maintained its position as the innovation leader in radio equipment and infrastructure technologies, both at home and abroad. Motorola has invested its considerable expertise and creativity in developing cutting-edge digital two-way radio communication systems, which it supplies to thousands of public safety organizations, emergency response teams, transportation and logistics organizations, and numerous other customers involved in hospitality, manufacturing, education, utilities, oil and gas, and retail throughout the United States and around the world.

4.      Motorola owns, manages, enforces, licenses, and maintains IP, including various trademarks. Relevant to this Complaint, Motorola Trademark Holdings owns the following registered trademarks (the "Motorola Trademarks"), which it licenses to Motorola Solutions for use in connection with two-way radios and associated batteries.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 2

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

| Mark | Registration No. (International Classes) |
|---|---|
| MOTOROLA SOLUTIONS | 6,281,257 (009) |
| MOTOROLA | 6,768,321 (009) |

True and correct copies of the registration certificates for the Motorola Trademarks are attached as **Exhibit A**.

5.      Defendants registered with Amazon to sell in the Amazon Store and subsequently advertised, marketed, offered, distributed, and sold counterfeit Motorola-branded products in the Amazon Store. They did so using the Motorola Trademarks, without authorization, in order to deceive customers about the authenticity and origin of the products and the products' affiliation with Motorola. After discovering Defendants' illegal conduct, Amazon blocked Defendants' selling privileges.

6.      However, Defendants continue to advertise, market, offer, distribute, and sell counterfeit Motorola-branded products through their website, GamziDigital.com, using the Motorola Trademarks without authorization.

7.      As part of this counterfeit scheme, Defendant Israel Sporn ("Sporn") has purported to do business as "Motorola Solutions" and submitted an application with the United States Patent and Trademark Office ("USPTO"), bearing Serial No. 98103767 (the "767 Application"), to register the "Motorola Solutions" word mark for certain goods. The 767 Application included a number of willful false statements, including that Sporn is the exclusive owner of the "Motorola Solutions" mark, and that he is entitled to use that mark in commerce. Contrary to these representations, Plaintiffs Motorola Trademark Holdings and Motorola Solutions own and/or control the Motorola Trademarks and have never consented to Defendant Sporn's use of the Motorola Trademarks or to the 767 Application.

8.      As a result of their illegal actions, Defendants have infringed and misused Motorola's IP; committed fraud on the USPTO; breached their contract with Amazon; willfully deceived and harmed Amazon, Motorola, and their customers; compromised the integrity of the

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 3

Amazon Store; and undermined the trust that customers place in Amazon and Motorola. Defendants' illegal actions have caused Amazon and Motorola to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, Motorola, and their customers.

## II.    PARTIES

9.    Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services LLC is a Delaware company with its principal place of business in Seattle, Washington.

10.    Motorola Trademark Holdings is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

11.    Motorola Solutions is a Delaware corporation with its principal place of business in Chicago, Illinois.

12.    Defendants are a collection of individuals and entities, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint. Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability, including, without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

13.    On information and belief, Defendant Sporn is an individual residing in Brooklyn, New York. On further information and belief, Sporn personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and he derived a direct financial benefit from that wrongful conduct.

14.    On information and belief, Defendant Gamzi Digital LLC ("Gamzi Digital") is a New York limited liability company, with its principal place of business at 5503 19th Avenue, Brooklyn, New York. On further information and belief, Gamzi Digital personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and it derived a direct financial benefit from that wrongful conduct. On further

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 4

information and belief, Sporn owns, operates, and controls Gamzi Digital, which is responsible for the website GamziDigital.com.

15.    On information and belief, Defendant Letova LLC ("Letova") is a New York limited liability company, with its principal place of business at 5503 19th Avenue, Brooklyn, New York. On further information and belief, Letova personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and it derived a direct financial benefit from that wrongful conduct. On further information and belief, Sporn owns, operates, and controls Letova, which was responsible for the selling account detailed in Section E of the Facts (the "Selling Account").

16.    On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and/or entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, distribute, and sell counterfeit Motorola products. The identities of the Doe Defendants are presently unknown to Plaintiffs.

### III.    JURISDICTION AND VENUE

17.    The Court has subject matter jurisdiction over Motorola's Lanham Act claim for trademark counterfeiting, trademark infringement, and cancellation of the 767 Application, and Amazon's and Motorola's Lanham Act claims for false designation of origin and, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's breach of contract claim and Amazon's and Motorola's claims for violation of the Washington Consumer Protection Act, pursuant to 28 U.S.C. §§ 1332 and 1367.

18.    The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and Motorola's claims arise from those activities. Defendants Sporn and Letova affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold in the Amazon Store products bearing counterfeit versions of the Motorola Trademarks and which otherwise infringed Motorola's IP. Additionally,

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 5

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Defendants Sporn and Letova shipped products bearing counterfeit versions of the Motorola Trademarks to consumers in Washington. On information and belief, Defendant Gamzi Digital sold counterfeit Motorola products through GamziDigital.com to customers across the United States, including customers in Washington. Each Defendant committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and Motorola substantial injury in Washington.

19.     Further, Defendants Sporn and Letova have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights and claims related to the sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because Defendants consented to it under the BSA.

21.     Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

**A.     Amazon's Efforts to Prevent the Sale of Counterfeit Goods.**

22.     Amazon works hard to build and protect the reputation of its stores as places where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon entities or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 6

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

23.     A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. Some of those bad actors also attempt to improperly access Amazon's intellectual property protection services for brand owners in an attempt to facilitate their sale of counterfeit products. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

24.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to prevent, detect, and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also uses this intelligence to improve its proactive prevention controls. In 2025, Amazon's proactive controls blocked more than 99.9% of suspected infringing listings before a brand ever had to find and report them.

25.     In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of whether they sell in Amazon's stores. To be eligible for Brand Registry, an applicant must be the rights owner—that is, they must either own the brand or be authorized by the brand to act on its behalf—and the rights holders must have an active trademark registration,

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 7

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

or in some circumstances, a pending trademark application.[1] Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for, identify, and report potentially infringing products using state-of-the-art image search technology.

26.     Signing up for Brand Registry requires several affirmative actions on the part of the applicant, including acceptance of the Brand Registry Terms of Use.

27.     When a person applies to participate in Brand Registry, Amazon presents them with the following screen:

28.     As shown above, the Brand Registry enrollment screen requires the applicant to read and affirm the following statement: "You agree that you will provide information that is accurate and truthful to the best of your knowledge in connection with the use of Brand Registry." Additionally, to be eligible for a Brand Registry account, the applicant must be a rights owner and must demonstrate that they have an active trademark registration or, in some circumstances, a pending trademark application.

---

[1] The detailed eligibility requirements for Brand Registry are accessible at https://brandservices.amazon.com/brandregistry/eligibility.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 8

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

29.     Some bad actors, however, have sought to abuse the powerful tools offered by Brand Registry by using fraudulent trademark registrations or applications to sign up for the service with the goal of facilitating their counterfeit sales and attacking their competitors.

30.     Amazon innovates on behalf of customers and selling partners to improve Amazon's Brand Registry, and to combat abuse. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to help ensure that legitimate sellers and product listings remain in the Store despite the efforts of bad actors to exploit Amazon's systems.

31.     In 2018, Amazon launched Transparency, a product serialization service that prevents counterfeits from reaching customers for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. More than 2.7 billion product units have been verified as genuine through Amazon's Transparency program.

32.     Amazon uses advanced technology and expert human reviewers to verify the identities of potential sellers. When prospective sellers apply to sell in Amazon's stores, they are required to provide government-issued photo IDs, business credentials, bank statements, and proof of address—cross checked against internal and external databases where possible. Amazon employs advanced identity detection methods such as document forgery detection, image and video verification, and other technologies to confirm the authenticity of government-issued IDs and whether such IDs match the individual applying to sell in Amazon's stores. In addition to verifying IDs, Amazon's systems analyze numerous data points, including behavior signals and connections to previously detected bad actors, to detect and prevent risks.

33.     Similarly, throughout the selling experience in Amazon's stores, Amazon's systems monitor selling accounts to identify anomalies or changes in account information, behaviors, and other risk signals. In the event that Amazon identifies a risk of fraud or abuse, it

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 9

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

promptly initiates an investigation using automated and/or human review, may request additional information, and swiftly removes bad actors from its stores.

34.     In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products. Since its launch in 2020, Amazon's Counterfeit Crimes Unit has pursued more than 32,000 bad actors through litigation and criminal referrals to law enforcement.

**B.     Motorola and Its Anti-Counterfeiting Efforts.**

35.     Motorola goes to great lengths to protect consumers from counterfeits of its products, and it is committed to leading efforts to prevent counterfeit products. Motorola utilizes both internal and external resources to combat counterfeit and infringing products. Motorola works with a third-party brand protection service vendor on the detection and removal of product listings violating Motorola's IP rights.

36.     Motorola is currently enrolled in Brand Registry and Transparency. Motorola has been actively using the tools and protections provided by these programs in response to counterfeiting activity, including the activities described in this Complaint.

**C.     Defendants Created an Amazon Selling Account, Agreed Not to Sell Counterfeit Goods, and Agreed to Reimburse Amazon for Damages Arising from Customer Refunds.**

37.     Defendants Sporn and Letova established, controlled, and operated the Selling Account, through which they sought to advertise, market, offer, distribute, and sell counterfeit Motorola-branded products. In connection with the Selling Account, Sporn provided Amazon with his name, email address, phone number, tax identification numbers, banking information, and government-issued identification. He also provided Amazon a copy of a government-issued record or tax document for Letova, as the entity operating the Selling Account.

38.     Moreover, Defendants Sporn and Letova submitted invoices to Amazon that purported to show that their counterfeit products came from suppliers of authentic products.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 10

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Plaintiffs subsequently determined that the invoices were falsified. Defendants Sporn and Letova also provided fabricated Letters of Authorization indicating that Motorola had authorized Letova to sell its products.

39.     To become a third-party seller in the Amazon Store, an applicant is required to agree to the BSA, which governs the seller's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA. A true and correct copy of the applicable versions of the BSA, namely, the versions Defendants last agreed to when using Amazon's services, are attached as **Exhibit B**.

40.     Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" that violates Amazon's policies, and Amazon reserves the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. Ex. B, ¶¶ 2-3. The BSA requires the seller to defend, indemnify, and hold Amazon harmless against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

41.     Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

*Id.*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 11

42.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store, and describes the consequences of selling inauthentic products:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o   Bootlegs, fakes, or pirated copies of products or content

  o   Products that have been illegally replicated, reproduced, or manufactured

  o   Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o   Remove suspect listings.

  o   Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 12

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

43.     Additionally, under the BSA, sellers agree that the information and documentation they provide to Amazon in connection with their selling accounts—such as identification, contact, and banking information—will, at all times, be valid, truthful, accurate, and complete. Specifically, the BSA requires that:

- As part of the application process, you must provide us with your (or your business') legal name, address, phone number and e-mail address, as well as any other information we may request. Ex. B. ¶ 1.

- You will use only a name you are authorized to use in connection with a[ny Amazon] Service and will update all of the information you provide to us in connection with the Services as necessary to ensure that it at all times remains accurate, complete, and valid. *Id*. ¶ 2.

- Each party represents and warrants that: (a) if it is a business, it is duly organized, validly existing and in good standing under the Laws of the country in which the business is registered and that you are registering for the Service(s) within such country; (b) it has all requisite right, power, and authority to enter this Agreement, perform its obligations, and grant the rights, licenses, and authorizations in this Agreement; (c) any information provided or made available by one party to another party or its Affiliates is at all times accurate and complete[.] *Id*. ¶ 5.

44.     When Defendants registered as third-party sellers in the Amazon Store, and established the Selling Account, they agreed not to advertise, market, offer, distribute, or sell counterfeit products, and agreed to provide Amazon with accurate and complete information and to ensure that information remained accurate and complete.

45.     Defendants also agreed to reimburse Amazon for any amounts that Amazon refunded to customers who purchased products from Defendants. The BSA provides:

- You will defend, indemnify, and hold harmless Amazon … against any … loss, damage, settlement cost, expense, or other liability … arising from or related to … Your Products, including the … refund … thereof[.] *Id.* § 6.1.

- If we determine that your actions or performance may result in returns, chargebacks, claims, disputes, violations of our terms or policies, violations of law or other risks to Amazon or third parties, then we may in our sole discretion withhold any payments to you for as long as we determine any related risks to Amazon or third parties persist. For any amounts that we determine you owe us, we may … collect payment or reimbursement from you by any other lawful means. *Id.* § 2.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 13

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

### D. Sporn's Fraudulent 767 Application for "Motorola Solutions," and Defendants' Attempted Abuse of Amazon's Brand Registry.

46.     On or about July 26, 2023, Sporn submitted the 767 Application to the USPTO in which he asserted rights in the word mark "Motorola Solutions," under international class 009 for use on "multifunction electronic devices," among other goods.

47.     In the 767 Application, Sporn claimed that he does business as the entity "Motorola Solutions," and that Sporn is entitled to use the mark in commerce. Sporn further declared under the penalty of perjury that he is "the owner of the trademark[] sought to be registered," and that "[t]o the best of [his] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

48.     Sporn's statements were fraudulent because he was aware of Motorola's IP rights, including the Motorola Trademarks identified above, and because Motorola did not authorize Sporn's use of the Motorola Trademarks.

49.     In August 2023, Defendants Sporn and Letova applied for enrollment in Amazon's Brand Registry, and they used the fraudulent 767 Application for "Motorola Solutions" as the basis for their alleged IP rights. In doing so, Defendants Sporn and Letova accepted Amazon's Brand Registry Terms of Use, and they represented that they owned the "Motorola Solutions" trademark or were authorized to act on Motorola's behalf. They also agreed that they would provide information to Amazon that is accurate and truthful to the best of their knowledge in connection with their use of Brand Registry.

50.     Despite Defendants Sporn's and Letova's deceit, Amazon identified their Brand Registry application as improper and rejected it.

51.     On information and belief, Defendant Sporn continues to pursue the fraudulent 767 Application in an attempt to facilitate Defendants' sale of counterfeit Motorola-branded products.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 14

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

52.     As of the date of filing, the USPTO has suspended Defendant Sporn's 767 Application for "Motorola Solutions" and issued an order to show cause finding that the company listed on Sporn's 767 Application, Legal IP Experts, fraudulently submitted thousands of applications that failed to adhere to statutory requirements and violated USPTO Rules and Terms of Use.

**E.     Defendants' Sale of Counterfeit Motorola Products.**

53.     Defendants advertised, marketed, offered, distributed, and sold counterfeit Motorola-branded products in the Amazon Store and via the website GamziDigital.com.

**The Adas Distributers Selling Account.**

54.     Defendants Sporn and Letova advertised, marketed, offered, distributed, and sold inauthentic Motorola two-way radios and batteries through the Selling Account.

55.     Amazon provided Motorola with images of samples from quarantined inventory of the Selling Account that had been advertised and offered for sale as Motorola-branded two-way radios. Motorola has examined the product images and confirmed that the products bore the Motorola Trademarks and other indications of Motorola's brand. Motorola has determined that the products are counterfeit based on deviations from Motorola's authentic products and packaging.

56.     Plaintiffs' investigator also conducted a test purchase from the Selling Account of a radio battery that was advertised and offered for sale as a genuine Motorola product. Defendants shipped to Plaintiffs' investigator a product that bore the Motorola Trademarks and other indications of the Motorola brand. Motorola has examined the product and determined that it is counterfeit based on deviations from Motorola's authentic products and packaging.

57.     After Amazon suspended the Selling Account for suspected sale of counterfeit products, Sporn appealed the suspension and submitted invoices and Letters of Authorization to Amazon in an attempt to falsely authenticate his products. For instance, Sporn submitted a letter, which purported to be from a Motorola account manager and which stated that "Adas Distributer[sic] is permitted to sell" Motorola products. Upon review of the document, Motorola

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 15

confirmed that the information in the letter was false. Sporn also submitted falsified invoices that purported to reflect purchases from suppliers of authentic Motorola products.

58.　　When he appealed the Selling Account's suspension, Sporn also claimed rights to use the Motorola Trademarks based on his fraudulent 767 Application for the "Motorola Solutions" mark.

**GamziDigital.com.**

59.　　Defendants Sporn and Gamzi Digital also advertise, market, offer, distribute, and sell counterfeit Motorola two-way radios via their website GamziDigital.com. Below is a screenshot, captured on or about June 30, 2026, of the website's advertisement for a Motorola two-way radio:



60.　　GamziDigital.com advertises its counterfeit Motorola-branded products to government agencies and security personnel, as shown below.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 16

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

## WHO WE ARE?

A digital shop located in Brooklyn, New York, Gamzi Digital is a popular buyer and seller of IT hardware goods. We specialize in two-way radios and communication systems, specifically from Motorola. We supply government agencies, private organizations, outdoorsmen, as well as private individuals who want to own their very own two-way radios for a variety of reasons. We have been operating since 2009 and since then, we have served hundreds of individuals, businesses, and organizations in Brooklyn and the resort of the country.



**READ MORE**

61.     Plaintiffs' investigator conducted a test purchase from GamziDigital.com of a two-way radio that was advertised and offered for sale as a genuine Motorola product. Defendants Sporn and Gamzi Digital shipped to Plaintiffs' investigator a product that bore the Motorola Trademarks and other indications of the Motorola brand. Motorola has examined the test-purchased product and determined that it is counterfeit based on deviations from Motorola's authentic products and packaging.

### F.     Amazon Shut Down Defendants' Selling Account.

62.     By selling counterfeit and infringing Motorola-branded products via the Selling Account, Defendants Sporn and Letova falsely represented to Amazon and its customers that the products Defendants sold were genuine products made by Motorola. Defendants also knowingly and willfully used Motorola's IP in connection with the advertising, marketing, offering, distributing, and selling of counterfeit and infringing Motorola products.

63.     At all times, Defendants Sporn and Letova knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon Store, from providing inaccurate information to Amazon and its customers, from misrepresenting the authenticity of the products sold, and from misleading Amazon and its customers through their

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 17

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

sale of inauthentic Motorola products. Defendants Sporn and Letova have breached the terms of their agreements with Amazon; deceived Amazon's customers and Amazon; infringed and misused the IP rights of Motorola; harmed the integrity of and customer trust in the Amazon Store; and tarnished Amazon's and Motorola's brands.

64.    After Amazon verified Defendants Sporn's and Letova's sale of counterfeit Motorola products, it blocked the Selling Account. In doing so, Amazon exercised its rights under the BSA to protect its customers and the reputations of Amazon and Motorola.

65.    Pursuant to Amazon's A-to-z guarantee, Amazon also proactively issued full refunds to customers who purchased the counterfeit Motorola-branded products from Defendants. Defendants have not reimbursed Amazon.

## V.    CLAIMS

### FIRST CLAIM
*(by Motorola Trademark Holdings[2] against all Defendants)*
**Trademark Counterfeiting and Trademark Infringement – 15 U.S.C. § 1114**

66.    Plaintiff Motorola incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

67.    Defendants' activities constitute counterfeiting and infringement of the Motorola Trademarks as described in the paragraphs above.

68.    Motorola owns the Motorola Trademarks, and it advertises, markets, offers, distributes, and sells its products using the Motorola Trademarks. Motorola uses the Motorola Trademarks to distinguish its products from the products and related items of others in the same or related fields.

69.    Because of Motorola's long, continuous, and exclusive use of the Motorola Trademarks, the Trademarks are understood by customers and the public to signify products from Motorola.

70.    Defendants unlawfully advertised, marketed, offered, distributed, and sold products bearing counterfeit and infringing versions of the Motorola Trademarks with the intent

---

[2] For the First Claim only, "Motorola" shall refer to Motorola Trademark Holdings.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 18

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Specifically, Defendants intended customers to believe, incorrectly, that the products originated from, were affiliated with, and/or were authorized by Motorola, and likely caused such erroneous customer beliefs.

71.    As a result of Defendants' wrongful conduct, Motorola is entitled to recover its actual damages, Defendants' profits attributable to the infringement, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, Motorola is entitled to statutory damages under 15 U.S.C. § 1117(c) for Defendants' use of counterfeit marks.

72.    Motorola is further entitled to injunctive relief, including an order impounding all counterfeit and infringing products and promotional materials in Defendants' possession. Motorola has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Motorola Trademarks are unique and valuable properties that have no readily-determinable market value; (b) Defendants' counterfeiting and infringing activities constitute harm to Motorola and Motorola's reputation and goodwill such that Motorola could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the counterfeit and infringing materials; and (d) the resulting harm to Motorola, due to Defendants' wrongful conduct, is likely to be continuing.

### SECOND CLAIM
*(by Motorola against all Defendants and by Amazon against Defendants Sporn and Letova)*
**False Designation of Origin – 15 U.S.C. § 1125(a)**

73.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

74.    Motorola owns the Motorola Trademarks and advertises, markets, offers, distributes, and sells its products using the trademarks described above, and uses the trademarks to distinguish its products from the products and related items of others in the same or related fields.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 19

75.     Because of Motorola's long, continuous, and exclusive use of the Motorola Trademarks, the Trademarks have come to mean, and are understood by customers, users, and the public to signify, products from Motorola.

76.     Amazon's reputation for trustworthiness is at the heart of its relationship with customers. Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon Store.

77.     Defendants unlawfully advertised, marketed, offered, distributed, and sold products bearing counterfeit versions of the Motorola Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, distributed, or sold in connection with the Motorola Trademarks, and wrongfully trades upon Motorola's goodwill and business reputation.

78.     Further, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, distributing, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

79.     Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

80.    Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by Motorola, all in violation of 15 U.S.C. § 1125(a)(1)(A).

81.    Plaintiffs are entitled to an injunction against Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with attorneys' fees and costs in investigating and bringing this lawsuit. Defendants' acts have caused irreparable injury to Plaintiffs. On information and belief, that injury is continuing. An award of monetary damages cannot fully compensate Plaintiffs for their injuries, and Plaintiffs lack an adequate remedy at law.

82.    Motorola is further entitled to recover Defendants' profits, Motorola's damages for its losses, and Motorola's costs to investigate and remediate Defendants' conduct and bring this action, in an amount to be determined. Motorola is also entitled to the trebling of any damages award as allowed by law. Amazon is also entitled to recover its damages arising from Defendants' sale of counterfeit products in the Amazon Store.

### THIRD CLAIM
*(by Motorola against all Defendants and by Amazon against Defendants Sporn and Letova)*
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

83.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

84.    Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Motorola products constitute unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

85.    Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Motorola products harm the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 21

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

86.     Defendants' advertising, marketing, offering, distributing, and selling of counterfeit Motorola products directly and proximately cause harm to and tarnish Plaintiffs' reputations and brands, and damage their business and property interests and rights.

87.     Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover from Defendants their attorneys' fees and costs. Motorola further seeks to recover from Defendants its actual damages, trebled, and Amazon further seeks to recover from Defendants its actual damages, trebled, arising from Defendants' sale of counterfeit products.

## FOURTH CLAIM
*(by Amazon.com Services LLC[3] against Defendants Sporn and Letova)*
**Breach of Contract**

88.     Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

**Breach of the BSA.**

89.     Defendants Sporn and Letova established the Selling Account and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants Sporn and Letova also contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

90.     Amazon performed all obligations required of it under the terms of the contract with Defendants or was excused from doing so.

91.     Defendants Sporn's and Letova's sale and distribution of counterfeit Motorola products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, Defendants' conduct constitutes infringement and misuse of the IP rights of Motorola.

92.     In furtherance of their sale and distribution of counterfeit Motorola products, Defendants Sporn and Letova further breached the BSA and its incorporated policies by submitting falsified documents to Amazon.

---

[3] For the Fourth Claim only, "Amazon" shall refer to Amazon.com Services LLC only.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 22

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

93.     Additionally, Defendants breached the BSA by failing to reimburse Amazon for the amounts it paid to refund customers who purchased counterfeit products from Defendants.

94.     Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

**Breach of Amazon's Brand Registry Terms of Use.**

95.     Defendants Sporn and Letova also entered into a valid and enforceable agreement with Amazon by applying for Amazon's Brand Registry.

96.     When Defendants Sporn and Letova applied to Brand Registry, they agreed to provide accurate and truthful information to Amazon in exchange for the benefit of access and use of the Brand Registry services and tools.

97.     Defendants Sporn and Letova used their pending 767 Application with the USPTO for the "Motorola Solutions" mark to attempt to open a Brand Registry account. In doing so, they represented that they had a valid trademark for the mark "Motorola Solutions" and that they had rights to that mark. These representations were false.

98.     Amazon performed all of its contractual obligations under the Brand Registry Terms of Use. Defendants Sporn and Letova breached their contractual obligations to Amazon under the Brand Registry Terms of Use by fraudulently claiming ownership of a trademark in order to gain access to Brand Registry.

99.     Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

**FIFTH CLAIM**
*(by Motorola against Defendant Sporn)*
**Cancellation of 767 Application for "Motorola Solutions" as**
*Void Ab Initio* **for Fraud on the USPTO**

100.    Plaintiff Motorola incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

101.    By statute, the owner of a trademark is entitled to apply to the USPTO for federal registration of the mark. 15 U.S.C. § 1051(a)(1). The Lanham Act requires the applicant to verify

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 23

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

that they are the exclusive owner of the trademark sought to be registered and that the facts recited in the application are accurate to the best of their knowledge and belief. *Id*. § 1051(a)(3).

102.  On or about July 26, 2023, Defendant Sporn submitted the 767 Application to the USPTO in which he asserted rights in the "Motorola Solutions" mark under international class 009 for "multifunction electronic devices," among other products.

103.  To complete that application, Defendant Sporn declared under the penalty of perjury that he was the owner of the mark "Motorola Solutions," and that "[t]o the best of [his] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." Defendant Sporn did not identify any concurrent user for the mark.

104.  Defendant Sporn additionally declared that he, as the signatory of the 767 Application, understood that willful false statements are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements may jeopardize the validity of the application or any registration resulting from it.

105.  Contrary to Defendant Sporn's statements, Motorola owns the MOTOROLA SOLUTIONS mark and has been using the mark in commerce continuously since 2014. The USPTO granted Motorola the registration for MOTOROLA SOLUTIONS on March 2, 2021. The record of that registration could easily be found by anyone searching publicly available trademark search tools.

106.  Moreover, Sporn operates a website dedicated to the sale of Motorola-branded products and claims to be a dealer of Motorola products. He is therefore familiar with the Motorola brand and understood not only that Motorola owned the Motorola Trademarks, but also that he never received authorization from Motorola to use the Motorola Trademarks or to submit the 767 Application. Further evidencing Sporn's bad faith is the fact that he has willfully sold counterfeit Motorola-branded products.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 24

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

107.    Accordingly, Defendant Sporn's verified statements to the USPTO claiming that he owns the "Motorola Solutions" mark and that there were no concurrent users of the "Motorola Solutions" mark were willfully false when made.

108.    Based on the foregoing, Defendant Sporn's 767 Application for "Motorola Solutions" is *void ab initio* and is not entitled to registration for lack of ownership and fraud on the USPTO.

109.    Motorola is entitled to an order pursuant to 15 U.S.C. § 1119 directing the USPTO to reject Sporn's 767 Application for the "Motorola Solutions" mark as *void ab initio*.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.    That the Court enter an order permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, from:

(i)    selling counterfeit or infringing products in Amazon's stores;

(ii)    selling counterfeit or infringing products to Amazon or any Amazon affiliate;

(iii)    importing, manufacturing, producing, distributing, circulating, offering to sell, selling, promoting, or displaying any product using any simulation, reproduction, counterfeit, copy, or colorable imitation of Motorola's brand or trademarks, or which otherwise infringes Motorola's IP, in any store or in any medium, including, without limitation, the Amazon Store and GamziDigital.com;

(iv)    using any indication of Motorola's brand in connection with any product, service, or website;

(v)    filing fraudulent trademark applications or other fraudulent declarations and statements with the USPTO in order to gain access to Brand Registry or Amazon's other intellectual property protection services;

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 25

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

(vi)    enrolling or attempting to enroll in Amazon's Brand Registry program;

(vii)    using any false or fraudulent information to enroll or attempt to enroll in Amazon's Brand Registry program;

(viii)    disabling, transferring to Amazon, and ceasing hosting the GamziDigital.com domain and any other domains and websites through which Defendants engage in the aforementioned enjoined activities; and

(ix)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (viii) above;

B.    That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

C.    That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and permitting destruction of all counterfeit and infringing products bearing the Motorola Trademarks or that otherwise infringe Motorola's IP, and any related materials, including business records and materials used to reproduce any infringing products, in Defendants' possession or under their control;

D.    That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

E.    That the Court enter an order authorizing Motorola to give notice of the injunction to the domain registrars, domain hosts, and domain registries for GamziDigital.com and any other domains and websites through which Defendants sell counterfeit Motorola products, and to require those registrars, hosts, and registries (1) to transfer or otherwise assign to Motorola (or to perform acts to facilitate such transfer or assignment) control and ownership of the GamziDigital.com domain and any other domains and websites through which Defendants sell counterfeit Motorola products, and (2) to cease providing services to Defendants involving hosting, facilitating access to, or providing any supporting services to GamziDigital.com and any

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 26

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

other domains and websites through which Defendants engage in the aforementioned enjoined activities;

F.    That the Court enter an order pursuant to 15 U.S.C. § 1119 directing the USPTO to reject Sporn's 767 Application for the "Motorola Solutions" mark as *void ab initio*;

G.    That the Court enter an order requiring Defendants to pay either statutory damages or all general, special, and actual damages that Motorola has sustained, or will sustain, as a consequence of Defendants' unlawful acts, plus Defendants' profits from the unlawful conduct described herein, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law; and that Amazon's damages, plus Defendants' profits related to Defendants' activities involving the sale of counterfeit products, be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

H.    That the Court enter an order requiring Defendants to pay the maximum amount of prejudgment interest authorized by law;

I.    That the Court enter an order requiring Defendants to pay the costs of this action and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

J.    That the Court enter an order requiring that identified financial institutions restrain and transfer to Plaintiffs all amounts arising from Defendants' unlawful counterfeiting activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment in this case; and

K.    That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 27

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

DATED this 10th day of July, 2026.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*


*/s/ Scott Commerson*
Scott Commerson, WSBA #58085
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3460
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 28