The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; MOTOROLA TRADEMARK HOLDINGS, LLC, a Delaware limited liability company; and MOTOROLA SOLUTIONS, INC., a Delaware corporation,

Plaintiffs,

v.

LETOVA LLC, a New York limited liability company d/b/a "Adas Distributers" Selling Account; GAMZI DIGITAL LLC, a New York limited liability company; ISRAEL SPORN, an individual; and DOES 1-10,

Defendants.

No. 2:26-cv-02414-JNW

**STIPULATED PROTECTIVE ORDER**

## I. PURPOSES AND LIMITATIONS

1. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, Plaintiffs Amazon.com, Inc., Amazon.com Services LLC (collectively, "Amazon"), Motorola Trademark Holdings, LLC, and Motorola Solutions, Inc. (collectively, "Motorola" and together with Amazon, "Plaintiffs") and Defendants Letova LLC, Gamzi Digital LLC, and Israel Sporn ("Defendants" and together with Plaintiffs, "parties" or in the singular, each a "party") hereby



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## II. CONFIDENTIAL MATERIAL

2. Confidential Material. "Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) any customer or client information; (2) any personal data identifiers as specified in LCR 5.2; (3) any material that is subject to a contractual or other duty of confidentiality owed by the client to a third party; and (4) any material that counsel determines reasonably and in good faith is necessary to protect the interests of the client because it is proprietary or otherwise sensitive and nonpublic business information. The protections conferred by this agreement cover not only confidential material (as identified above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

3. "Attorneys' Eyes Only" Material. A designating party may designate sensitive financial records, such as bank statements and credit card statements, and the material containing non-public information about the designating party's methods, criteria, or procedures for detecting counterfeit products such as authentication documentations or for investigating or enforcing against sellers, as "ATTORNEYS' EYES ONLY." The parties reserve the right to confer and stipulate to additional categories of documents that can qualify as Attorneys' Eyes Only material if needs arise. Attorneys' Eyes Only material shall not be provided to the persons



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

identified in paragraph 5(b), but counsel of record may describe it generally to those persons as necessary to assist in the prosecution or defense of this litigation. A party may not designate as Attorneys' Eyes Only any document or information that the receiving party authored, sent, or received, including any communication or submission between a party and Amazon.

## III. ACCESS TO AND USE OF PROTECTED MATERIAL

4. Basic Principles. A receiving party may use material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

5. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by a court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

a. The receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

b. The named parties and the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless a particular document or material produced is for Attorneys' Eyes Only and is so designated under paragraph 3;

c. Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

d. The court, court personnel, and court reporters and their staff, including any court reporter or videographer reporting a deposition;

e. Copy or imaging services, database services, and trial support firms retained



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

by counsel to assist in the duplication, production, or storage of confidential material, provided that counsel for the party retaining the service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

f. During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h. Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**); and

i. Other persons only (1) by written consent of the producing party, (2) upon order of a court, or (3) in response to a subpoena by law enforcement, and on such conditions as may be agreed or ordered.

6. <u>Filing Protected Material</u>. Before filing protected material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential or "attorneys' eyes only" designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific protected information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

7. Use of Artificial Intelligence ("AI"). A receiving party may use AI tools in connection with discovery materials produced in this action only if the AI tool is operated in a secure environment and is subject to enforceable contractual terms that (a) prohibit the provider from retaining, using, disclosing, selling, or using the materials to train, improve, or develop any AI system; (b) prohibit the materials from being made publicly available or accessible to any other customer or third party; and (c) require commercially reasonable administrative, technical, and physical safeguards to protect the confidentiality of the materials. Discovery materials, whether designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, shall not be entered into any publicly available or consumer-based AI platform. Any use of AI tools must remain consistent with this Order and with the requirement that discovery materials be used solely for purposes of this litigation.

## IV. DESIGNATING PROTECTED MATERIAL

8. Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those materials, documents, items, or oral or written communications that qualify, so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

unnecessary expenses and burdens on other parties) expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

9. Manner and Timing of Designations. Except as otherwise provided in this agreement (*see*, *e.g.*, section V below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

a. Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to the bottom of each page of the document.

b. Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential or "attorneys' eyes only." If a party or non-party desires to protect information at trial, the issue should be addressed during the pre-trial conference.

c. Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

producing party, to the extent practicable, shall identify the protected portion(s).

10. Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## V. CHALLENGING CONFIDENTIALITY DESIGNATIONS

11. Timing of Challenges. Any party or non-party may challenge a designation of confidentiality or "attorneys' eyes only" at any time. Unless a prompt challenge is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

12. Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential or "attorneys' eyes only" designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

13. Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**VI. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

14. If a party is served with a subpoena or a court order issued in another legal action that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that party must:

a. promptly notify the designating party in writing and include a copy of the subpoena or court order, except where prohibited by law or court order;

b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose material may be affected.

**VII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

15. If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential or "attorneys' eyes only" material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

**VIII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

16. When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

**IX. NON-TERMINATION AND RETURN OF DOCUMENTS**

17. Within 60 days after the termination of this action, including all appeals the parties must meet and confer and agree upon appropriate methods of retaining, securing, or destroying protected materials, including all copies, extracts, and summaries thereof. Unless and until otherwise agreed to by the parties, the parties agree that in no event will nine (9) months elapse following termination of this action before each receiving party returns to the producing party all protected material (to include all copies, extracts, and summaries thereof). Alternatively, if agreed by the parties, the receiving party may within nine (9) months appropriately secure or destroy such material.

18. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material, and outside counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain “attorneys’ eyes only” material.

19. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

IT IS SO STIPULATED THROUGH THE PARTIES' COUNSEL OF RECORD.

DATED this 5th day of November, 2026.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*/s/ Scott R. Commerson*
Scott R. Commerson, WSBA #58085
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3460
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

McNAUL EBEL PLLC
*Attorneys for Defendants*

*/s/ Anna F. Cavnar*
Anna F. Cavnar, WSBA #55413
Rick W. Redmond, WSBA #58835
600 University Street, Suite 2700
Seattle, WA 98101
Tel: (206) 467-1816
Fax: (206) 624-5128
Email: acavnar@mcnaul.com
Email: rredmond@mcnaul.com

PURSUANT TO THIS STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: November 9, 2026

THE HONORABLE JAMAL N. WHITEHEAD
UNITED STATES DISTRICT COURT JUDGE



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________, of ___________________________ [full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _________________ [date] in the case of *Amazon.com, Inc., et al. v. Letova LLC, et al.,* Case No. 2:26-cv-02414-JNW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: ____________________________

City and State where sworn and signed: _______________________________

Printed name: ______________________________________________________

Signature: _________________________________________________________



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax